# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, SUBSCRIBING TO POLICY NO. LPB050721, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) |
| THOMAS L. WRIGHT a/k/a LANE WRIGHT, WALT DISNEY WORLD RESORT, a Division of WALT DISNEY PARKS & RESORTS U.S., INC., formerly known as WALT DISNEY WORLD CO., a corporation, and OWEN PETERSON, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

6:12-CV-423-ORL-18DAB

## COMPLAINT FOR DECLARATORY JUDGMENT

Now come the Plaintiffs, Certain Underwriters at Lloyd's, London, Subscribing to Policy No. LPB050721, by their undersigned attorneys, and for their Complaint for Declaratory Judgment against the Defendants, Thomas L. Wright a/k/a Lane Wright, Walt Disney World Resort, a Division of Walt Disney Parks & Resorts U.S., Inc., formerly known as Walt Disney World Co., a corporation, and Owen Peterson, allege the following:

### JURISDICTION

1.     The jurisdiction of the Court is premised upon 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action

seeking a declaration of no insurance coverage. The Plaintiff in the underlying claim has alleged that the amount in controversy exceeds $15,000 and that the damages in that case include a closed head injury. The total of the amount in controversy in the underlying case and the costs of defense well exceed $75,000.

## VENUE

2. Venue is premised upon Middle District Local Rule 1.02(b)(3) and 28 U.S.C. § 1391 as the Disney Defendant is a resident of this District, and this District is the site of the accident.

## THE PARTIES

3. The Certain Underwriters at Lloyd's, London (hereinafter "the Underwriters") are insurers, each of which is incorporated in England and Wales and which maintain their principal place of business in London, England. The Underwriters are Chaucer Non Marine (Syndicate 1084), Faraday (Syndicate 0435), Amlin Non-Marine (Syndicate 2001), S.A. Meacock (Syndicate 2791), Atrium (Syndicate 0570) and Wellington (Syndicate 2020).

4. Thomas L. Wright a/k/a Lane Wright (hereinafter "Wright") is a citizen of the State of Georgia, a resident of Loganville, Georgia, and is or was the Chief Operation Officer of Paintball Sports Promotion a now dissolved Delaware limited liability company which had its principal place of business in or near Loganville, Georgia.

5. Walt Disney World Resort, a Division of Walt Disney Parks & Resorts U.S., Inc., formerly known as Walt Disney World Co., (hereinafter "Disney") is a Delaware corporation which maintains its principal place of business in Lake Buena Vista, Florida.

6. Owen Peterson (hereinafter "Peterson") is the plaintiff in the underlying action and is a citizen of State of Virginia, and a resident of Kentstore, Virginia. Peterson has been joined herein as a nominal but interested party Defendant solely in order to be bound by the judgment to be entered in this cause. In the event that Peterson agrees and stipulates to be bound by the judgment entered in this cause, then the Underwriters will voluntarily dismiss Peterson from this action.

### THE INSURANCE POLICY

7. Through Market Access Corporation, located in Palatine, Illinois, the authorized correspondent of the Underwriters, the Underwriters issued their policy of insurance numbered LPB050721 to Paintball Sports Promotions (hereinafter "PSP") as named insured for the effective policy period of October 28, 2006 to November 18, 2006. A true and correct of the policy of insurance is attached hereto, made a part hereof and is marked as Pleading Exhibit A.

8. The policy is a Paintball Facility Commercial General Liability Insurance policy issued for specifically limited operations, namely, "'logged' paintball tournament play for which a dated, signed 'waiver' is on file and provided in the event of a claim," as

well as set up and tear down of the tournament area, at a specific location, namely, Disney's Wide World of Sports Complex in Kissimmee, Florida.

9. The policy contains a "Limitation of Coverage Endorsement", which endorsement provides, as follows:

> This endorsement modifies insurance provided under the COMMERCIAL GENERAL LIABILITY COVERAGE PART.
>
> LIMITATION OF COVERAGE ENDORSEMENT
>
> This insurance applies only to "bodily injury", "property damage", "personal injury" and "advertising injury":
>
> (1) arising out of your operations shown in the Schedule below, and
>
> (2) for each operation, occurring at the location and during the period shown for it in the Schedule.
>
> This insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" which arises out of any operation or location which is not shown in the Schedule below.

SCHEDULE

| COVERED OPERATION(S) | LOCATION(S) | COVERAGE PERIOD |
|---|---|---|
| "Logged" paintball tournament play for which a dated, signed, "waiver" is on file and provided in the event of a claim. | 700 Victory Way Kissimmee, FL | 11/7/06 - 11/11/06 |
| Set Up | | 10/28/06 - 11/6/06 |
| Tear Down | | 11/12/06 - 11/18/06 |

10. The policy in its Section V. entitled Additional Conditions of Coverage provides, as follows:

SECTION V - ADDITIONAL CONDITIONS OF COVERAGE

Notwithstanding any provision contained in the policy, our obligation to pay sums or perform acts or services attaches only when the insured has fully complied with al the provisions of the policy as well as the following:

1. Upon entering the playing field, all persons other than the insured or employees of the insured must sign a Waiver of Liability from previously approved by us. If the person entering the playing field is a minor, the parent or guardian of that minor must sign the aforementioned waiver on behalf of that minor. The insured shall immediately enter in a log the name, date and waiver number of all individuals who have signed a waiver.

2. The insured shall retain one copy of both the signed waiver and log, which will be made available for our use in the even of a claim.

3. The velocity of each "paintball gun" shall be tested each time it is brought onto the playing field to confirm that it does not exceed 300 feet per second.

11. The policy contains notice conditions which required an insured to promptly notify the Underwriters of an occurrence and of a claim under the policy as follows:

2. Duties In The Event Of Occurrence, Offense, Claim Or Suit

a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense

which may result in a claim. To the extent possible, notice should include:

(1) How, when and where the "occurrence" or offense took place;

(2) The names and addresses of any injury persons and witnesses; and

(3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.  If a claim is made or "suit" is brought against any insured, you must:
    (1) Immediately record the specifics of the claim or "suit" and the date received; and

    (2) Notify us as soon as practicable

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.  You and any other involved insured must:

    (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2) Authorize us to obtain records and other information;

    (3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be

- 6 -

        liable to the insured because of injury or damage to which this insurance may also apply.

    d. No insured will, except at that insured's own cost, voluntarily make payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

12. The policy contained an Additional Insured Endorsement for "property owners" which provides, as follows:

### ADDITIONAL INSURED ENDORSEMENT

### (STATE OR POLITICAL SUBDIVISIONS GRANTING PERMITS, AND PROPERTY OWNERS)

WHO IS AN INSURED (Section II) is amended to include as an insured any

(A) state or political subdivision, and

(B) land and property owner

who you agree, in a written contract, to name as an additional insured, subject to the following provisions:

    If the Additional Insured is a state or political subdivision, the insurance afforded for the additional insured applies only with respect to your operations for which the state or political subdivision has issued a permit. Also, the insurance afforded the additional insured does not apply to:

        a. "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of operations performed for the state or political subdivision; nor

- 7 -

    b.    "bodily injury" or "property damage" included with the "products-completed operations hazzard".

If the Additional Insured is a land or property owner, the insurance afforded for the additional insured applies only with respect to liability arising out of your operations on that portion of the additional insured's premises rented or leased to you. Also, the insurance afforded the additional insured does not apply to:

    a.    any "occurrence" which took place before you became a tenant or takes place after you cease to be a tenant in that premises, nor

    b.    structural alternations, new construction or demolition operations performed by or for the additional insured.

### THE UNDERLYING LITIGATION

13.    Wright and Disney have been named as defendants in a certain action for damages brought by Peterson under Cause No. 2010-CA-024392-0 in the Circuit Court of the 9th Judicial Circuit, Orange County, Florida. A true and correct copy of Peterson's Complaint in that action is attached hereto, made a part hereof and is marked as Pleading Exhibit B.

14.    Wright tendered his defense to the Underwriters, and a defense is being provided subject to reservation for the reasons set forth herein.

15.    In connection with the action brought by Peterson, Disney tendered its defense to the Underwriters after the tender of defense to its own liability insurer, which

defense the Underwriters refused to accept. A true and correct copy of the initial letter to Market Access Corporation from Disney, dated October 1, 2009, is attached hereto, made a part hereof and is marked as Pleading Exhibit C.

## COUNT I
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND WRIGHT)

16. The Underwriters adopt and repeat the allegations of ¶¶ 1 through 15 as and for ¶ 16 hereof as though the same were fully set forth herein.

17. The Underwriters contend that they have no duty or obligation to defend Wright in the action filed against him by Peterson for the reason that the policy issued to PSP applies only to bodily injury arising out of logged paintball tournament play, and Peterson was allegedly injured on November 8, 2006 when struck and knocked to the ground by a large inflated balloon advertising display at a booth or tent on the Disney premises, hence Wright is not entitled to coverage under the policy issued to PSP.

18. The Underwriters also contend that they have no duty or obligation to defend Wright in the action filed against him by Peterson for one or more or all of the following reasons:

   (a) The insurance applies only to logged paintball tournament play and Peterson was not injured during logged paintball tournament play;

   (b) The insurance does not apply to bodily injury which arises out of any operation not shown in the Endorsement's schedule, hence coverage is limited to bodily injury which arises out of logged paintball tournament play;

(c) Peterson was not injured during logged paintball tournament play but by an inflated advertising display maintained or operated as part of the event's trade show to promote and/or sell merchandise or services.

19. The above contentions of the Underwriters are, on information and belief, denied by Wright who, in turn, contends that he is covered under the policy. The Underwriters, in turn, deny the contrary contentions of Wright and each of them.

20. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT II
### (DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND DISNEY)

21. The Underwriters adopt and repeat the allegations of ¶¶ 1 through 15 as and for ¶ 21 hereof as though the same were fully set forth herein.

22. The Underwriters contend that they have no duty or obligation to defend Disney in the action filed against it by Peterson for any one or all of the following reasons:

(a)  That the Additional Insured Endorsement to the policy provides no coverage to Disney for the negligence of Disney;

(b)  That Peterson has sued Disney for negligence in connection with an accident of November 8, 2006 based on the alleged negligence of Disney toward Peterson;

(c)  That Disney is an additional insured only to the extent Disney is liable to Peterson for the conduct of PSP which Peterson does not allege;

(d)  That Disney is not covered because Peterson's alleged injury did not arise out of PSP's covered operations, namely, logged paintball tournament play.

23.  The above contentions of the Underwriters are, on information and belief, denied by Disney which, in turn, contends that the Underwriters provide coverage for the November 8, 2006 accident alleged in Peterson's complaint. The Underwriters, in turn, deny the contrary contentions of Disney and each of them.

24.  By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

## COUNT III
### (DECLARATORY JUDGMENT RE: BREACH OF THE NOTICE OF OCCURRENCE CONDITION)

25. The Underwriters in the alternative adopt and repeat the allegations of ¶¶ 1 through 24 as and for ¶ 25 hereof as though the same were fully set forth herein.

26. The policy contains notice conditions which required an insured to promptly notify the Underwriters of an occurrence and of a claim under the policy. Wright and Disney, in the alternative, did not promptly advise the Underwriters of any occurrence or claim and the Underwriters did not learn of the accident of November 8, 2006 until October 6, 2009, upon receipt of a letter from Disney, Pleading Exhibit C, almost 3 years later.

27. The Underwriters contend in the alternative that they have no duty or obligation to defend Wright and Disney in the action filed against them by Peterson for the reason that they breached the notice condition of the policy by the Underwriters receiving their first notice of the accident almost 3 years after it occurred, all of which may have substantially prejudiced the Underwriters.

28. The above alternative contentions of the Underwriters are, on information and belief, denied by the Defendants which, in turn, contend that they did not breach the notice condition of the policy. The Underwriters, in turn, deny the contrary contentions of the Defendants and each of them.

29. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein, and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiffs, Certain Underwriters at Lloyd's, London, pray that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A. That the Certain Underwriters at Lloyd's, London, have no duty or obligation to defend Thomas L. Wright in Cause No. 2010-CA-024392-0 pending in the Circuit Court of the 9th Judicial Circuit, Orange County, Florida.

B. That the Court grant the Certain Underwriters at Lloyd's, London, such other and further relief as the Court deems fit and just under the circumstances.

C. That the Certain Underwriters at Lloyd's, London, be awarded and have and recover their just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT II:

A. That the Certain Underwriters at Lloyd's, London, have no duty or obligation to defend Walt Disney World Resort, a Division of Walt Disney Parks & Resorts U.S., Inc., formerly known as Walt Disney World Co., in Cause No. 2010-CA-024392-0 pending in the Circuit Court of the 9th Judicial Circuit, Orange County, Florida.

B. That the Court grant the Certain Underwriters at Lloyd's, London, such other and further relief as the Court deems fit and just under the circumstances.

C. That the Certain Underwriters at Lloyd's, London, be awarded and have and recover their just and reasonable costs incurred herein and have execution issue therefor.

### AS TO COUNT III:

A. That Thomas L. Wright breached the notice condition of policy number LPB050721 as notice of the accident almost 3 years after it occurred is not as soon as practicable or reasonable under the

    circumstances and is a material and substantial breach of the notice condition.

B.    That Walt Disney World Resort, a Division of Walt Disney Parks & Resorts U.S., Inc., formerly known as Walt Disney World Co., breached the notice condition of policy number LPB050721 as notice of the accident almost 3 years after it occurred is not as soon as practicable or reasonable under the circumstances and is a material and substantial breach of the notice condition.

C.    That the Certain Underwriters at Lloyd's, London, have no duty or obligation to defend Thomas L. Wright in Cause No. in Cause No. 2010-CA-024392-0 pending in the Circuit Court of the 9th Judicial Circuit, Orange County, Florida.

D.    That the Certain Underwriters at Lloyd's, London, have no duty or obligation to defend Walt Disney World Resort, a Division of Walt Disney Parks & Resorts U.S., Inc., formerly known as Walt Disney World Co., in Cause No. 2010-CA-024392-0 pending in the Circuit Court of the 9th Judicial Circuit, Orange County, Florida.

E.    That the Court grant the Certain Underwriters at Lloyd's, London, such other and further relief as the Court deems fit and just under the circumstances.

F.  That the Certain Underwriters at Lloyd's, London, be awarded and have and recover their just and reasonable costs incurred herein and have execution issue therefor.

_____
JOHN W. BUSSEY, III
Florida Bar No. 110503
john.bussey@wilsonelser.com
**JAMES M. KLOSS**
Florida Bar No. 503681
james.kloss@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
P. O. Box 531086
Orlando, FL 32853-1086
Telephone:   (407) 423-7287
Facsimile:   (407) 648-1376
Attorneys for Plaintiff


**ROBERT MARC CHEMERS**
Illinois Bar No. 00431508
rchemers@pretzel-stouffer.com
Pretzel & Stouffer, Chartered
One South Wacker Drive, Suite 2500
Chicago, IL 60606
Telephone:   (312) 578-7548
Facsimile:   (312) 346-8242
Attorneys for Plaintiff